THE STATE *v.* WASH WITHERS.

FALSELY ASSUMING TO BE AN OFFICER. A man appointed as a secret detective by the Mayor of Nashville, who, in serving a warrant of arrest issued by a justice, does not claim to be otherwise than such detective when his authority is challenged, is not guilty under sec. 4819 of the Code.

FROM DAVIDSON.

Appeal from the Criminal Court. THOMAS W. FRAZIER, Judge.

J. D. BRIEN for defendant.

ATTORNEY-GENERAL HEISKELL for the State.

FREEMAN, J., delivered the opinion of the court.

The defendant was indicted in the Criminal Court of Davidson county for an assumed violation of sec. 4819 of the Code, providing that it shall be a misdemeanor "for any person falsely to assume to be a judge, a justice of the peace, sheriff, or other judicial or ministerial officer, and take upon himself to act as such, or to require anyone to aid or assist him in any matter pertaining to the duty of any such officer.

Defendant was convicted and fined fifty cents. A motion for a new trial and in arrest of judgment was made, which was overruled, and an appeal in error prosecuted to this court.

The State *v.* Withers.

The proof shows that the defendant had been appointed a *secret* detective by the Mayor of the city of Nashville, and in this character he served a warrant for arrest on one Davis, issued by a justice of the peace for the county. Davis refused to acknowledge the authority of defendant to execute the process. Withers, however, claimed to have authority to do so by virtue of his appointment by the Mayor as detective. They called in the Mayor, who told Withers he was wrong, and that he had told him when he was appointed he could not serve this kind of process. Davis, however, took the warrant and carried it to a magistrate, returning it himself, and was tried and acquitted of the charge.

It is obvious that these facts do not constitute the offense created by the statute. The party did not personate a sheriff, or constable, or any ministerial officer of the State, but claimed to be, what he was in fact, a detective of the city, and only misconstrued his powers as such detective. While he might· have been liable for the trespass in making or attempting the arrest without authority of law, yet it cannot be said he falsely assumed to be any officer named or intended to be included in sec. 4819. He was what he assumed to be, but went beyond his authority in that petition. The count must be reversed for these reasons.